TEX. & PAC. R'Y CO. v. W. Y. TAYLOR.

(No. 2276.)

APPEAL from Parker County. Opinion by WILLSON, J.

*(Transferred from Austin.)*

M. V. McKINNISON, counsel for appellant.

HARCOURT & BALL, counsel for appellee.

§ 192. *Measure of damage for loss of goods by carrier; case stated.* Appellee sued appellant to recover for the loss of baggage which by virtue of a passenger ticket he had shipped over appellant's line of railway. He recovered judgment for $300, and costs. Appellee, in his petition, claimed damages as follows: 1. The value of the baggage, $50. 2. Increased traveling expenses, hotel bills, etc., incurred by reason of the loss of said baggage, $64.20. 3. For loss of an engagement as teacher of a school, and for loss of pay as a preacher, resulting from a loss of said baggage, $350. Appellant excepted specially to the two last items of damage, which exception was overruled. *Held* error. Said two items of damage are *special*, and not recoverable under the allegations of the petition. It is not alleged in the petition that appellant, at the time of receiving the baggage for transpor-

tation, was informed of the facts which would render such damages probable in the event of the loss of said baggage. Under the allegations in the petition the only damage to which appellee would be entitled would be the full value of said baggage, and as said baggage consisted of appellee's wearing apparel, and other articles of no value to any one but him, he would not be restricted to the market value, there being no market for such things, but he would be entitled to recover the fair, reasonable value of the articles for his own use. [2 Sutherland, Dam. 293, 294; Fairfax v. R. R. Co. 73 N. Y. 167.] The ordinary measure of damage for goods lost by a carrier, where the goods are not intended for market, is the fair market value of the same; that is, where there is a market for them. [Thomp. on Carriers, p. 536, § 25; W. & W. Con. Rep. § 1254.] But this rule does not apply in this case, there being no market for the articles lost. In this case, the value of the baggage is alleged to be $50, and beyond this amount the appellee was not entitled to recover under the allegations of his petition.

§ 193. *Measure of damages for delay in transportation and delivery of baggage.* The petition alleges the baggage to have been *lost*, but the evidence shows that it was not *lost*, but was only *delayed*, and was finally delivered to and received by appellant. The allegations and the proof do not therefore correspond, but before another trial the petition can be so amended as to correspond with the facts. The ordinary measure of damage in the case of delay in the transportation and delivery of baggage would be the value of the use of the same during the delay, the criterion of which value would in most cases be the rental value of the property during the time of the delay. [2 W. Con. Rep. § 404; W. & W. Con. Rep. § 206; Hutch. on Carriers, § 776.] But in this case the criterion of rental value would not, it seems, be a fair, just or practicable one, because the property could not be said to have any rental value. We think a fair, just and practicable measure of damage in this and

similar cases would be the value of the use of the property to the owner during the delay, excluding from the estimate, however, remote, speculative, uncertain damages, and in the absence of allegations authorizing the recovery of *special* damages, restricting the estimate to the natural, direct, certain and proximate injury sustained.

November 24, 1886.    Reversed and remanded.